Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | APR. 12, 2012 |
|---|---|---|---|
| CASE NUMBER | 12 C 1504 | DATE | APR 1 2 2012 |
| CASE TITLE | Delmar Gray (#2012-0124124) vs. Cook County Municipality, et al. | | |

**DOCKET ENTRY TEXT:**

The amended complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The plaintiff's motion for appointment of counsel [#5] is denied as moot. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that he was wrongfully disciplined for flooding his jail tier. By Minute Order of March 6, 2012, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint limited to a single, core claim. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The plaintiff has complied with that order.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the amended complaint fails to state a claim as a matter of law. As the charges were ultimately dismissed, the plaintiff has no tenable due process claim.

### Background

The plaintiff alleges that on February 7, 2012, his housing tier was flooded while he was in the dispensary for a doctor's appointment. The plaintiff returned to the tier to find that it had been placed on administrative lockdown; moreover, he learned that he himself was being held responsible for the flooding. The plaintiff was issued a disciplinary report and given a bill demanding $75.00 in restitution. [Attachments to the amended complaint would seem to suggest that every inmate on the tier was charged.]
(CONTINUED)

mjm

| STATEMENT (continued) |
|---|

A hearing was held three days later. Although the plaintiff was not given advance notice of the charges, the adjustment committee contacted the health care unit and confirmed that the plaintiff had been there at the time of the flooding. Accordingly, the committee found the plaintiff not guilty of the disciplinary charges and rescinded the restitution order.

The plaintiff filed an emergency grievance on February 10, 2012, the date of the hearing. The plaintiff had received no response to his grievance by February 24, 2012, the day his application to proceed *in forma pauperis* was certified. [The court's Prisoner Correspondent received the undated complaint on March 1, 2012.]

### Analysis

Even accepting the plaintiff's factual allegations as true, the court can make out no viable constitutional claim. Irrespective of whether the plaintiff exhausted administrative remedies prior to filing suit, the dismissed charges give no rise to no claim under 42 U.S.C. § 1983.

The court questions whether the plaintiff could have exhausted administrative remedies prior to bringing suit. As discussed in the court's prior order, the Prison Litigation Reform Act contains a comprehensive administrative exhaustion requirement; under the PLRA, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim [in federal court]." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

In response to the court's expressed concerns about exhaustion, the plaintiff has submitted copies of a grievance he submitted on February 10, 2012; he reports that "There was no response." (Exhibit C to Amended Complaint.) It strikes the court that the plaintiff may have filed suit prematurely, as he initiated this action two or three weeks after initiating the grievance process. The plaintiff was required to fully exhaust grievance procedures before pursuing a lawsuit in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies before judgment." *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, because the plaintiff maintains that he exhausted administrative remedies, and because exhaustion is an affirmative defense generally raised by the defendants, the court will ignore concerns of non-exhaustion and turn to the merits of the amended complaint.

The court discerns no tenable Fourteenth Amendment claim. The plaintiff received all the process that was due him; in fact, he was found not guilty of the disciplinary charges. "[A] person lawfully detained in pretrial confinement because there is probable cause to believe that he has committed a crime is subject to certain restrictions on his liberty. *Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999). "The government also has legitimate interests that stem from its need to manage the facility in which the individual is detained." *Id.* (quoting

**(CONTINUED)**

| STATEMENT (continued) |
|---|

*Bell v. Wolfish*, 441 U.S. 520, 540 (1979). Thus, a pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status. Although correctional officials have "considerable leeway" to punish a pretrial detainee for misconduct committed while in pretrial custody, that punishment can be imposed only after affording the detainee some sort of due process. *Rapier*, 172 F.3d at 1004-1005. In the case at bar, the plaintiff was never technically "punished." Rather, he had a hearing and was exonerated. He has no right to relief under the Fourteenth Amendment on the basis that the disciplinary charges never should have been brought in the first place.

The plaintiff is not entitled to damages for the time he spent in segregation pending disposition of the disciplinary ticket. The plaintiff had no right to remain in the general population prior to the disciplinary hearing; administrative detention of a pretrial detainee while he is awaiting a hearing is constitutionally permissible. "Due process permits an arrest without a previous hearing because it is dangerous to allow a person who the police have probable cause to believe has committed a crime to roam at large while awaiting a hearing. It is equally dangerous to allow a prisoner who the guards have probable cause to believe has violated a disciplinary rule to roam at large in the general jail population." *Holly v. Woolfolk*, 415 F.3d 678, 681 (7th Cir. 2005). The hearing the plaintiff received was all the process that was due him.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

As a final concern, the plaintiff, an experienced litigator in this court, is reminded of basic filing requirements: when a complaint (or amended complaint) is submitted, the plaintiff must also provide a complete judge's copy, including copies of any attached exhibits; he must also include enough complete copies of the complaint or amended complaint (again, including any attached exhibits) for service on each named defendant.